SIMON C. MATHISON, Executor, v. LOUISA FIELD and another.

Where, through error, an order has been made allowing a suspensive appeal on security for costs only, and no transcript of the record has been delivered to the party, the order may be rescinded by the lower court on a rule to show cause.

APPEAL from the Probate Court of St. Mary, *Dumartrait*, J. *Maskell* and *Lewis*, for the plaintiff.

*Dwight*, for the appellants.

GARLAND, J. The petition alleges that on the 1st of July, 1842, a petition and citation of appeal in the name of the defendants, were served on the petitioner, by which it appeared that they had taken a suspensive appeal, from a judgment of the court between the same parties, dissolving the injunction in the case of *Field* v. *Mathison, Executor*, just decided, (*ante*, p. 38,) on giving bond and security in the sum of $200. He represents, that this is not in compliance with articles 575, 576, and 577 of the Code of Practice, and alleges that the appeal is illegal, and ought to be set aside. He prays that the defendants in the rule, may be ordered to show cause why the suspensive appeal should not be set aside, or bond and security given as required by law.

The defendants except to answering the rule, on the ground that the court has no jurisdiction of the question, the Supreme

Court of the State being the only tribunal that can try the question, and decide whether the appeal was properly taken, or not ; and ask that the rule be dismissed. On the trial, the court ordered the appeal to be set aside, so far as it is suspensive, unless the appellants should give bond and security in the sum of $3,500, within ten days from the date of its judgment. From this judgment, the defendants in the rule have appealed.

It appears that the judgment dissolving the injunction, was signed on the 15th of June, 1842, and a motion for a new trial overruled on the same day. The petition of appeal was presented; and the order granted by the judge on the 30th of the same month; and served on the appellee the next day. On the 2d of July, the application for the rule was filed, and served on the appellants on the 5th of the same month.* These are all the material facts of the case, but the parties have made up a record of about 150 pages, nearly all of irrelevant and useless matter, (as they have in two other cases, relating to the same estate,) with no other object, that we can discover, than to increase the costs.

As it respects the parties, the case is now not one of much importance ; the plaintiff in the rule, and appellee in the other case, having succeeded in having his judgment affirmed as to one appellant, and the appeal dismissed as to the other. *Field* v. *Mathison, ante,* p. 38. But it is clearly a case in which the plaintiff was entitled, at the time, to some relief. The ten days allowed by article 578 of the Code of Practice, within which a suspensive appeal could be taken, had expired. The Probate Judge, from error or inadvertence, had, on an *ex parte* application, made an appeal suspensive, when he was forbidden by law to do so. The next day the plaintiff being notified of it, took measures as soon as possible to have the error corrected. The record and all the papers were still in the possession of the clerk. It does not appear that any transcript had been made out and delivered to the party, nor was the case filed in this court. The present is widely

---

* The rule was served on the same day, and the application for the rule was on the *eighth,* and not on the *fifth* of July. The record does not show that any notice of the judgment dissolving the injunction had been served on the plaintiffs in that case, previous to the time, (30th of June,) when their petition of appeal was presented.

different from any case that has heretofore come before us ; and we are of opinion, under its peculiar circumstances, that relief should be extended.

*Judgment affirmed.*